**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| DANIEL PERRY, DESMOND WILLIAMS AND ERIC WILLIE INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, § § § § § | | |
| Plaintiffs § | CIVIL ACTION NO. 2:15-CV-01474 | |
| § | | |
| VS. § | | |
| § | | |
| CIRCLE Z PRESSURE PUMPING, LLC § | | |
| Defendant § | JURY DEMANDED | |

## JOINT MOTION FOR ORDER APPROVING SETTLEMENT AND ENTRY OF FINAL JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE

Plaintiffs, Daniel Perry, Desmond Williams and Eric Willie, Individually and on behalf of all Others Similarly Situated ("Plaintiffs"), opt-in Plaintiffs ("opt-ins"), and Defendant, Circle Z Pressure Pumping, LLC ("Defendant") (collectively, the "Parties") jointly move for approval of the settlement reached between Plaintiffs and Defendant (the "Settlement"). The Parties further jointly move the Court for entry of final judgment dismissing this action in its entirety with prejudice. In furtherance of this motion, the parties jointly state:

1.  Plaintiffs alleged that Defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, as amended ("FLSA"), by denying them certain overtime payment due. Plaintiffs filed the above-styled case as a putative collection action, but have elected not to move to conditionally certify the case as a collective action under the FLSA. Defendant has denied, and continues to deny, Plaintiffs' and the opt-ins' claims and asserts that Plaintiffs and the opt-ins are not owed additional pay.

2.      To avoid further litigation costs, Defendant and Plaintiffs and the opt-ins have agreed to settle the claims in this lawsuit.  Defendant and Plaintiffs and the opt-ins have entered into the Settlement, which will take effect following the Court's approval and will bind only the named Plaintiffs and the opt-ins to this lawsuit.  All Parties are represented by counsel and the Parties engaged in arm's-length negotiations following the exchange of key facts regarding the Plaintiffs' claims and Defendant's defenses.

3.      The Fifth Circuit has recognized the res judicata effect of a court-approved settlement of FLSA claims, where "a bona fide dispute of both law and fact was involved in the litigation, and the proposed settlement agreed upon was fair and equitable to all parties concerned."  *Jarrad v. Southeastern Shipbuilding Corp.*, 163 F.2d 960, 961 (5th Cir. 1974). Those circumstances are present here.

4.      A bona fide dispute exists between the Parties, as the Parties dispute whether Plaintiffs and the opt-ins were entitled to certain overtime premiums, and the amount to which they could have been entitled, as Defendant asserts that Plaintiffs and opt-ins were subject to the Motor Carrier Act exemption of the FLSA and exempt from overtime pay entitlements.

5.      Plaintiffs and opt-ins recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the above-styled case through trial and through appeals.  Plaintiffs and opt-ins' counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Plaintiffs and opt-ins' counsel are mindful of the inherent problems of proof in establishing, and defenses to, their asserted claims.  Defendant also concludes that further conduct of the above-styled case would be time-consuming and expensive and have taken into account the uncertainty

and risks inherent in any litigation, and that it is desirable and beneficial that Plaintiffs' claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

6. The Parties agree that the terms of the Settlement are fair and equitable and were negotiated at arm's-length with all Parties being fairly and fully represented by counsel of their choosing. The settlement amount takes into account the number of overtime hours claimed by Plaintiffs, the amount of unpaid overtime to which Plaintiffs and opt-ins allege they are entitled as well as the likelihood that Plaintiffs and opt-ins would not recover any of those sums, given Defendant's defenses. The Settlement also includes, in part, a reasonable amount for attorneys' fees and costs, which both Plaintiffs and opt-ins' counsel agree is also fair and equitable based on the amount of time expended by Plaintiffs and opt-ins' counsel in connection with Plaintiffs and opt-ins' claims.

7. Because the proposed Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendant and Plaintiffs and opt-ins request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order and Final Judgment Dismissing the Lawsuit with Prejudice, approved by the Parties, is submitted with this Motion.

Dated: February 29, 2016

    Respectfully submitted,

    By: /s/ William S. Hommel, Jr.
        William S. Hommel, Jr.
        State Bar No. 09934250
        **Hommel Law Firm**
        1404 Rice Road, Suite 200
        Tyler, Texas 75703

                (903) 596-7100 (Telephone)
                (469-533-1618 (Facsimile)

**ATTORNEY FOR PLAINTIFFS**

By: /s/ Bruce A. Smith
      Bruce A. Smith
      State Bar No. 18542800
      Brett F. Miller
      State Bar No. 24065750
      **Ward, Smith & Hill, PLLC**
      P. O. Box 1231
      Longview, Texas 75606
      (903) 757-6400 (Telephone)
      (903) 757-2323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICIATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 29th day of February, 2016.

                /s/ Bruce A. Smith
                Bruce A. Smith